```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
FEMI AKINWALE OLOWOSOYO,

                         Plaintiff,                 08-CV-6007

            v.                                      **DECISION**
                                                    **and ORDER**
CITY OF ROCHESTER, N.Y., ANTHONY MITTIGA,
JOE STROCKO, CHRIS MUELLER, NEW YORK
STATE INSURANCE FUND,

                         Defendants.
_____
```

## INTRODUCTION

Plaintiff Femi Akinwale Olowosoyo ("plaintiff" and/or "Olowosoyo") has filed this *pro se* action against numerous defendants including the City of Rochester (the "City"), Anthony Mittiga ("Mittiga"), Joe Strocko ("Strocko") (the "City defendants"), Chris Mueller ("Mueller") and the New York State Insurance Fund ("SIF") (the "New York defendants") (collectively "Defendants") claiming that Olowosoyo's civil rights were violated in connection with several actions by the Defendants. Specifically, plaintiff claims Mueller and Mittiga knowingly made false statements against him to the state police which resulted in his arrest. In addition, plaintiff alleges that Strocko harassed and threatened him as well as prevented him from doing any more construction work in the city of Rochester. As a result, plaintiff asserts that he lost his business in Rochester. He brings this action under 42 U.S.C. § 1983 claiming that his constitutional and civil rights were violated.

Defendant SIF moves to dismiss on the grounds that plaintiff is barred by the Eleventh Amendment from bringing an action for damages

against the New York State Insurance Fund. Defendant Mueller also moves to dismiss on grounds that plaintiff has failed to state a viable cause of action against him. The City defendants join in the motion of the New York defendants and request that the plaintiff's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff does not oppose the Defendants' motions.[1] For the reasons that follow, I grant both Defendants' motions to dismiss plaintiff's Complaint.

## **BACKGROUND**

Plaintiff alleges that on July 5, 2002, Strocko, the Head of the Demolition Department for the City, harassed, threatened and prevented him from doing any more demolition work in the city of Rochester. See Complaint ("Compl."), ¶C. Accordingly, plaintiff asserts that Strocko caused plaintiff to lose his business in Rochester. See id. Thereafter, on July 22, 2002, Olowosoyo claims that Mittiga, a Zoning and Building clerk for the City knowingly made

---

[1] On March 18, 2009, the SIF filed its Motion to Dismiss. The Certificate of Service filed by the SIF with the Court indicated that a copy of the following documents were served on plaintiff by United States Mail at the address listed by plaintiff on the Court's docket: Notice of Motion, Attorney's Declaration and Memorandum of Law. On March 19, 2009, the Court electronically notified the SIF that the motion date for the motion to dismiss was set for April 22, 2009. On the same day the Court sent a copy of the notice to plaintiff at the address listed on the Court's docket via first class mail. On April 14, 2009, Mueller filed a Motion to Dismiss. The Certificate of Service filed by Mueller with the Court indicated that a copy of the following documents were served on plaintiff by United States Mail at the address listed by plaintiff on the Court's docket: Notice of Motion and Memorandum of Law. On April 15, 2009, the Court electronically notified the Defendants that the motion date for the motion to dismiss was set for May 13, 2009. On the same day the Court sent a copy of the notice to plaintiff at the address listed on the Court's docket via first class mail. On April 15, 2009, the City defendants filed a Motion to Dismiss. The Certificate of Service filed by the City defendants with the Court indicated that a copy of the following documents were mailed to plaintiff at the address listed by plaintiff on the Court's docket: Notice of Motion and Attorney Declaration. On April 15, 2009, the Court electronically notified the Defendants that the motion date for the motion to dismiss was set still set for May 13, 2009. On the same day the Court sent a copy of the notice to plaintiff at the address listed on the Court's docket via first class mail. The Court did not receive any returned mail from the post office relating to the March 19, 2009 notice and the two April 15, 2009 notices it sent to plaintiff notifying plaintiff of the motions to dismiss return dates. Plaintiff never opposed the motions to dismiss filed against him.

false statements to the State Police causing his ultimate arrest. See id., ¶A. In addition, on August 27, 2002, plaintiff alleges that Mueller, an employee of the SIF, knowingly made false statements against him resulting in his arrest. See id. ¶B. The arrest was made on April 3, 2004 by the Darien, Connecticut Town Police on instructions from the New York State Police. See id. ¶D.[2] On January 7, 2005, plaintiff claims he was acquitted after a trial in the Rochester City Court. See id., ¶H. Plaintiff filed the Complaint on January 4, 2008.

## DISCUSSION

### I. Standard of Review

#### A. Motion To Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007); Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir.2006). The plaintiff must satisfy "a flexible 'plausibility standard.'" See Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir.2007). A claim that is not plausible on its face must be "supported by an allegation of some subsidiary facts to survive a motion to dismiss."

---

[2]Plaintiff claims he was detained without bail. See id. Thereafter, plaintiff alleges he was moved to the Bridgeport, CT jail on April 5, 2004 where he developed tuberculosis. See id., ¶E. Thereafter, on April 7, 2004, he was "chained up, hands and legs" and brought to Rochester, New York. See id. ¶F. Plaintiff asserts he was falsely detained at the Rochester City jail for three months where he was denied the opportunity to contact his attorney and was in physical and emotional distress. See id., ¶G.

3

See Benzman v. Whitman, 523 F.3d 119, 129 (2d Cir.2008). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." See id. at 1974.

Moreover, as the Second Circuit recently emphasized in Sealed Plaintiff v. Sealed Defendant, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se*,...a court is obliged to construe his pleadings liberally....This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings....This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated. Accordingly, the dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." See 537 F.3d 185, 191 (2d Cir.2008) (citations and quotation marks omitted); see also Weixel v. Bd. of Educ. of the City of N.Y., 287 F.3d 138, 146 (2d Cir.2002) (holding that when plaintiff is appearing *pro se*, the Court shall "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'") (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir.2000).[3]

---

[3] In connection with a motion to dismiss under Rule 12(b)(6), the Court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." See Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir.2005); accord Kramer v. Time Warner Inc., 937 F.2d 767,

4

**B. Motion to Dismiss by City Defendants**

The City defendants join in the New York defendants' motion pursuant to Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) provides that "a motion making any of these defenses [e.g. failure to state a claim] shall be made before pleading if a further pleading is permitted." In the present action the City defendants filed their answer on October 24, 2008, before their motion to dismiss. Technically, the City defendants' Rule 12(b) motion is untimely. However, the City defendants' 12(b) defense is not one which is waivable, (see Fed.R.Civ.P. 12(h)), and the City defendants have raised the failure to state a claim and statute of limitations defenses in their answer. Under these circumstances, the court may consider the City defendants' motion to dismiss.[4] See Jennings Oil, Co. v. Mobil Oil Corp., 80 F.R.D. 124 (S.D.N.Y.1978) (where a party has included specific defenses in its answer, as the City has done, a subsequent

---

773 (2d Cir.1991). The Court may only consider a document not appended to the complaint if the document is "incorporated in [the complaint] by reference" or is a document "upon which [the complaint] solely relies and...is integral to the complaint." See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir.2007) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir.1991) (emphases in original)).

[4] The City defendants also argue that the court lacks jurisdiction over Strocko. See Declaration of Igor Shukoff, ¶6. The City defendants' answer states that service of process was not made upon Strocko. See Answer, ¶16. This Court declines to address the sufficiency of service issue because this portion of the motion was not made in a timely fashion. Rule 12(b) states, in pertinent part that "[a] motion making any of these defenses [e.g. insufficient process] shall be made before pleading if a further pleading is permitted." One exception includes Rule 12(b)(6), failure to state a claim upon which relief can be granted, which "may be made in any pleading permitted...or by motion for judgment on the pleadings...." See Fed.R.Civ.P. 12(h)(2). Thus, a motion to dismiss under Fed.R.Civ.P. 12(b)(2),(3),(4), and (5) must be brought before the filing of the answer. See Vassardakis v. Parish, 36 F.Supp. 1002 (S.D.N.Y.1941); see also Totalplan Corp. of America v. Lure Camera Ltd., 613 F.Supp. 451, 455 (W.D.N.Y.1985) (motions under rules 12(b)(2)-(5) "must be brought, if at all, within the twenty days allowed for an answer by [Rule 12](a)"). The City defendants filed its motion to dismiss six months after the filing of their answer to plaintiff's complaint, well outside the required timetable for a motion to dismiss for insufficiency of service of process. By answering the Complaint rather than first moving to dismiss pursuant to Rule 12(b)(5), the City defendants have waived its right to make such a motion with respect to Strocko now.

5

motion to dismiss based upon those defenses may be allowed); Stonehill v. Security Nat'l Bank, 68 F.R.D. 24, 44 (S.D.N.Y.1975) (a motion based upon a purported failure to state a claim upon which relief can be granted may be made even though an answer has already been filed); Zebrowski v. Denckla, 630 F.Supp. 1307, 1309 n.1 (E.D.N.Y.1986); Canadian St. Regis Band of Mohawk Indians by Francis v. State of New York, 640 F.Supp. 203, 205 n.2 (N.D.N.Y.10986); see also 5 C. Wright and A. Miller, Federal Practice and Procedure Civ.3d §1361 (2009). The court could also consider the City defendants' motion as a motion for a judgment on the pleadings under Rule 12(c). The court's review would be limited to the pleadings, and the court's determination would be the same.

**II. Section 1983 Claims**

42 U.S.C. §1983 provides in relevant part that "[e]very person who, under color of any statute...of any State...subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured...." 42 U.S.C.A. §1983 (1994). To state a claim under §1983, a plaintiff "must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States." See Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993) (citations omitted). The actions

of private parties, such as defendants, will be deemed state action when the challenged conduct is "fairly attributable" to the state.[5] See e.g., Logan v. Bennington College Corp., 72 F.3d 1017 (2d Cir. 1996). A party may be a state actor because he or she is a state official, or acted together with or obtained significant aid from state officials, or because his or her conduct is otherwise chargeable to the state. See id.; see also Leeds v. Meltz, 85 F.3d 51 (2d Cir. 1996) (state must have exerted coercive power over, or provided significant encouragement to defendant before defendant will be considered a state actor). In short, to satisfy the requirement of "acting under color of law," the defendant must have "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." See West v. Atkins, 487 U.S. 42, 48 (1988) (quotation omitted).

A.   **Plaintiff's Section 1983 Claim Against the SIF**

Plaintiff alleges in Count II of his Complaint that the SIF and its employee are liable for making false statements resulting in his arrest and violating his civil rights under 42 U.S.C. §1983. See Compl., ¶B. Based on its evaluation of the Complaint, the Court finds that plaintiff's claim against the SIF must be dismissed because claims against the New York State Insurance Fund, which is an arm of the state, is barred under the Eleventh Amendment to the United

---

[5] Private conduct is "fairly attributable" to the state when (1) the alleged deprivation is caused by the exercise of some right or privilege created by the state or a rule of conduct imposed by the state or by a person for whom the state is responsible, and (2) the party charged with the alleged deprivation is a person who may fairly be said to be a state actor. See id. at 1027.

7

States Constitution. See Lipofsky v. Steingut, 86 F.3d 15, 17 (2d Cir.1996), cert. denied, 519 U.S. 971 (1996). Accordingly, even assuming plaintiff's complaint could be construed to raise a claim under 42 U.S.C. §1983 and to allege that plaintiff's constitutional rights have been violated in some manner by the SIF, see e.g., Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir.1999) (the pleadings of *pro se* litigants should be "construed liberally"), which the instant complaint does not so allege, said claim must be dismissed because the SIF is entitled to immunity from suit under the Eleventh Amendment to the United States Constitution. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); see also Lipofsky, 86 F.3d at 17 (SIF is a state agency immune from suit under the Eleventh Amendment). Thus, the SIF's motion to dismiss is granted.

**B. Plaintiff's Section 1983 Claim Against Mueller and the City Defendants**

Mueller and the City defendants contend that merely being State or City employees does not create a §1983 claim when the underlying conduct does not violate the law. See Mueller Br. at 3. Plaintiff alleges that on July 5, 2002, Strocko, the Demolition Department Head for the City, harassed, threatened and prevented him from doing any more demolition work in the city of Rochester, which caused plaintiff to lose his business. See Compl., ¶C. Moreover, on July 22, 2002, Olowosoyo claims that Mittiga, a Zoning and Building clerk for the City knowingly made false statements to the State Police causing his ultimate arrest. See id., ¶A. In addition, plaintiff alleges that on

8

August 27, 2002, Mueller, a SIF employee, knowingly made false statements against him resulting in his arrest. See id. ¶B. The Complaint indicates that the defendants made certain statements to the police, which resulted in the police arresting plaintiff. See Complaint generally. There are no further details in the Complaint.

First, by merely alleging that "false statements were made" against him without identifying what the statements were generally and by simply claiming that he was harassed and threatened without more information, Olowosoyo fails to specify how his rights were violated under §1983. These statements are more akin to conclusions of law which cannot defeat a motion to dismiss. See Reddington v. Staten Island Univ. Hosp., 511 F.3d 126 (2d. Cir.2007) ("bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss). Second, plaintiff makes no other allegations in the Complaint except for those mentioned above. Notwithstanding the liberal interpretation afforded plaintiff's allegations because of his *pro se* status, Olowosoyo failed to state a §1983 claim which "raise[s] a right to relief above the speculative level," and thus, his §1983 claim must be dismissed. See Twombly, 127 S.Ct. at 1974.

Further, it is well established that merely furnishing information to police officers does not constitute action under color of state law so as to render a private citizen liable under §1983. See Myers v. Morris, 810 F.2d 1437,1467 (8th Cir. 1987) (reporting of suspected criminal acts not action under color of state law for purposes of §1983); Benavidez v. Gunnell, 722 F.2d 615, 618

9

(10th Cir. 1983) ("We know of no case in which the report of a state crime is action under color of state law under §1983"); Tauvar v. Bar Harbor Congregation, 633 F.Supp. 741, 747 (D.Me.1985). In addition, plaintiff does not have a constitutional right to be free from false accusations. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986).

Moreover, this is not a case where plaintiff is alleging a §1983 false arrest or malicious prosecution claim against the City defendants or Mueller. As stated above, the allegations as pled in the Complaint demonstrate that the defendants did nothing more than make false statements to the police regarding plaintiff. "[I]t is well settled in New York that a civilian complainant will not be held liable for false arrest or malicious prosecution merely for 'seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed.'" See Ellison v. Sobeck-Lynch, 2000 WL 1047798, at *3 (W.D.N.Y.2000)(citing Du Chateau v. Metro-North Commuter R.R. Co., 253 A.D.2d 128, 131 (1st. Dept. 1999)(emphasis added); see also Dikler v. City of New York, 2009 WL 1562846, at *2 (S.D.N.Y.2009).

Here, the facts as alleged in the Complaint show that a City employee and a New York State employee provided information that led to plaintiff's arrest. However, the arrest was ordered by the New York State Police. See Rendely v. Town of Huntington, 2006 WL 5217083, at *6 (E.D.N.Y.2006) ("As a matter of law, 'if an officer decides, in the exercise of the officer's own discretion, to make an

arrest, then a person providing information to the officer is not liable [for false imprisonment or arrest]' even if the information provided by the informer is incorrect.") (quoting Lopez v. City of New York, 901 F.Supp. 684, 688 (S.D.N.Y.1995)).[6] Accordingly, because merely making false statements to the police is not sufficient to support a false arrest or malicious prosecution claim, the Court finds that the Complaint fails to state allegations that constitute a §1983 violation against defendants. Plaintiff has failed to establish that the Defendants may be held liable for their role in making false statements that led the State police to arrest plaintiff. Thus, Defendants' motions to dismiss are granted and plaintiff's Complaint is dismissed.[7]

## CONCLUSION

For the reasons set forth above, both Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) are granted. Plaintiff's Complaint is dismissed without prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                          s/Michael A. Telesca
                                              MICHAEL A. TELESCA
                                      United States District Judge

Dated:    Rochester, New York
            June 12, 2009

---

[6] See also King v. Crossland Savings Bank, 111 F.3d 251, 257 (2d Cir.1997) (granting summary judgment on plaintiff's false arrest claim in favor of American Express and a bank despite the bank's provision of an erroneous report to police, who subsequently arrested plaintiff, that the traveler's checks plaintiff was attempting to cash had been stolen).

[7] Because the Defendants' motions to dismiss pursuant to Rule 12(b)(6) are granted, the Court need not consider Defendants' other ground to dismiss (i.e. statute of limitations) since it is now moot.